JUSTO OCASIO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. EMILIO S. BELAVAL, Judge, Respondent.

No. 22. Argued November 23, 1949.—Decided November 24, 1949.

*Rafael F. Barbosa* for petitioner. *R. García Mújica* for intervener, plaintiff in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Some years ago Bernardo García, the owner of a property in Carolina used as a commercial establishment, rented it to Justo Ocasio on a month to month verbal lease. Ocasio subleased the property to a third person with the *verbal* consent of García. Thereafter, on September 7, 1948 Antipo Eurasquín purchased the property from the *Sucesión* of García.

Eurasquín filed an unlawful detainer suit to evict Ocasio and the person occupying the property by arrangement with

him. The municipal court entered judgment in favor of the new owner. Ocasio appealed to the district court, which entered the same judgment. We granted the petition for certiorari filed by Ocasio to review the decision of the district court.

 The judgment of the district court reads in part as follows:

"The plaintiff acquired the property involved herein while it was rented to the defendant, who had subleased it to Ignacio Betancourt under a verbal sublease while it still belonged to the former owner. There is no doubt that the former owner always permitted his tenants to sublease the property. But there is likewise no doubt that the new owner did not grant the tenant of the former owner the right to sublease, either verbally or in writing.

"Section 12–3 of the Reasonable Rents Act of Puerto Rico establishes a cause of action against a tenant who has subleased or granted the use of the leased property, in whole or in part, without the written authorization of the owner of the property. We therefore understand that for the sublease, made by the tenant of the former owner, to be binding on the new owner, it must be in writing, that is, it must be in the same form that would prevent the former owner from proceeding against his tenant because he had consented in writing to the sublease."

We find no error in the result reached by the district court under § 12 and § 12-A (3) of the Reasonable Rents Act, as amended by Act No. 201, Laws of Puerto Rico, 1948.[1] By operation of law, § 12 extends for the duration of the emergency all leases, written or oral, at the option of the tenant,

---

[1] Section 12 reads as follows:

"Regardless of the date of construction or occupancy of both dwellings and business premises, and irrespective of any change of landlord or nominal lessor, the lease contract shall, on the day of expiration agreed upon therein, be compulsorily extended by the lessor at the option of the tenant or lessee, without altering any of the clauses thereof, all of which shall be deemed in force. The foregoing is applicable both to written and oral contracts and the extension shall be understood for the terms fixed by Section 1471 of the Civil Code, but never for a period longer than the duration of the emergency declared in this Act. Said extension is also

irrespective of any change of landlords. But § 12-A sets up a number of exceptions to § 12. The third exception is that a lease is not extended by § 12 if the tenant subleases without the written authorization of the owner. Since no such written authorization of a sublease existed in this case, we fail to see how we can agree with the contention of the petitioner that § 12 applies rather than § 12-A(3). Under the latter provision the tenant and his sublessee could have been evicted by the former owner, who gave verbal, but not written, consent to the sublease. By the same token, they may be ousted by the new owner, who stands in the shoes of his predecessor in interest.

■■ We think it is without significance that in this case the contract of sublease was in effect, with the oral consent of the former owner, when § 12-A(3) went into effect. The petitioner intimates that the passage of § 12-A(3) —and its application herein—impairs his contract. But he overlooks the fact that his month to month lease had expired. What he really desires is that the terms of his lease shall *not* be carried out. His request is for us to apply § 12, on the theory that by operation of law he may not be ousted even though his lease has expired. But the Legislature, which had the power to extend § 12 to such cases, refused to do so. By virtue of § 12-A(3) it limited the freezing of subleases to those made in writing. We have no power to rewrite §§ 12 and 12-A(3) to make § 12 apply also to verbal subleases.

The writ of certiorari will be discharged.

---

applicable to leased lots whereon buildings belonging to an owner other than the owner of the lot are erected."

Section 12-A reads in part as follows:

"As exceptions to the provisions of the preceding section, the lessor may refuse the extension of the lease contract and, consequently, commence unlawful detainer proceedings only in the following cases:

" . . . . . . . . . .

"3. For having the tenant wholly or partly subleased or assigned the use of the leased property, without the lessor's written authorization."